IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENE GARY,

    Petitioner,                                     No. CIV S-07-272 MCE CHS P

    vs.

TERESA A. SCHWARTZ,

    Respondent.                         FINDINGS AND RECOMMENDATIONS

                                              /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner challenges the February 22, 2005 decision by the Board of Parole Hearings finding him unsuitable for parole. After careful consideration of the record, the undersigned recommends the petition be denied.

                                      PROCEDURAL BACKGROUND

        Petitioner was convicted by a jury of kidnaping with use of a firearm, assault upon a police officer with great bodily injury, and three counts of robbery with use of a firearm. (Abstract of Judgment.[1]) On August 14, 1981, he was sentenced to life imprisonment for the kidnaping, plus ten years and four months for the other offenses. *Id*. On February 22, 2005,

---

[1] Los Angeles Superior County Abstract of Judgment for Case No. A365070 is lodged in this record as Exhibit 1 (10/27/06).

1

petitioner came before the Board of Parole Hearings (hereinafter "Board") for a subsequent parole consideration hearing and was deemed unsuitable for parole. (Hearing Transcript at 70.[2]) Petitioner sought review of the denial in the California Supreme Court. His petition for writ of habeas corpus was denied on February 8, 2006. (S135073 denial of petition.[3]) Although the California Supreme Court denied the petition on the merits, it set forth no reasoning or analysis for the decision. *Id*.

STANDARD OF REVIEW FOR GRANTING RELIEF

This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

This court looks to the last reasoned state court decision to determine whether the law applied to a particular claim was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002), *cert. dismissed*, 538 U.S. 919 (2003). Where, as in

---

[2] Reporter's transcript of petitioner's February 22, 2005 Subsequent Parole Consideration Hearing is lodged in this record as Exhibit 3 (10/27/06).

[3] S135073 denial of petition for writ of habeas corpus by the Supreme Court of California is lodged in this record as Exhibit 4 (10/27/06).

this case, the state court reached a decision on the merits but provided no reasoning to support its conclusion, the record must be independently reviewed in order to determine whether relief is available. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

## ANALYSIS OF THE CLAIM

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A person alleging a due process violation must first demonstrate that he or she was deprived of a protected liberty or property interest and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989); *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution or from state laws. *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The United States Constitution does not, in and of itself, create a protected liberty interest in a parole date. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981). However, where a state's statutory scheme uses mandatory language, it "'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." *McQuillion*, 306 F.3d at 901 (*quoting Greenholtz v. Inmates of Nebraska Penal*, 442 U.S. 1, 12 (1979)). The Ninth Circuit has conclusively determined that California state prisoners who have been sentenced to prison with the possibility of parole have "a constitutionally protected liberty interest in the receipt of a parole release date." *Irons v. Carey*, 505 F.3d 846, 850-51 (9th Cir. 2007) (*citing Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003); *McQuillion*, 306 F.3d at 903; and *Allen*, 482 U.S. at 377-78 *(quoting Greenholtz*, 442 U.S. at 12)). Thus, the issue here is whether petitioner was afforded adequate procedural protections before being deprived of his liberty interest.

Procedural due process requires that a parole suitability determination be supported by "some evidence." *McQuillion*, 306 F.3d at 904 (*citing Superintendent v. Hill*, 472 U.S. 445, 456 (1985)). The "some evidence" standard is minimally stringent, and a decision will be upheld if there is any evidence in the record that could support the conclusion reached by the factfinder. *Powell v. Gomez*, 33 F.3d at 40 (*citing Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987)); *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986). However, the evidence underlying the decision must have "some indicia of reliability." *Jancsek*, 833 F.2d at 1390. *See also Perveler*, 974 F.2d at 1134. Determining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence. *Toussaint*, 801 F.2d at 1105. The ultimate question is whether there is any reliable evidence in the record that could support the conclusion reached. *Id*.

Under California law, the setting of a parole date for a state prisoner is conditioned on a finding of suitability. Pursuant to the state regulation governing parole suitability findings, a life prisoner shall be found unsuitable for parole if, in the judgment of the panel, the prisoner "will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15, §2281(a). The regulation identifies circumstances that tend to show unsuitability for release as follows: the prisoner committed the offense in an especially heinous, atrocious, or cruel manner; the prisoner had a previous record of violence; the prisoner has an unstable social history; the prisoner's crime was a sadistic sexual offense; the prisoner had a lengthy history of severe mental problems related to the offense; the prisoner has engaged in serious misconduct in prison. Cal. Code Regs. tit. 15, §2281(c). The overriding concern in determining parole suitability is public safety and the focus is on the inmate's current dangerousness. *In re Dannenberg*, 34 Cal. 4th 1061, 1086 (Cal. 2005); *In re Lawrence*, 44 Cal. 4th 1181, 1205 (Cal. 2008).

/////

In this case, the Board determined that petitioner was not suitable for parole since he would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. (Hearing Transcript at 70.) In so finding, the Board relied upon the following circumstances: (1) the commitment offense was carried out in a calculated, callous, and cruel manner and the motive for the crime was extremely trivial in relation to the offense; (2) petitioner's lengthy prior record of violent behavior shows an escalating pattern of criminal conduct; (3) petitioner failed after previous grants of parole and petitioner had been released on parole only four days prior to the instant commitment offense; (4) petitioner has an unstable social history including prior drug use; (5) petitioner has not sufficiently participated in beneficial self-help programs; (6) petitioner has had 23 disciplinary reports with the most recent occurring on August 10, 2002, since petitioner's last parole hearing; and (7) petitioner's psychiatric psychological report dated 9/24/02 by Dr. Sargent indicates a need for a longer period of observation and evaluation before a finding that petitioner is suitable for parole. (Hearing Transcript at 70-77.)

Petitioner argues the Board improperly relied on unchangeable factors such as the nature of the commitment crime, his prior record, and unstable social history in finding him unsuitable for parole. (Petition at 8.) In recent years, the Ninth Circuit Court of Appeals has addressed this issue in three significant cases: *Biggs*, *Sass*, and *Irons*. First, in *Biggs,* the Ninth Circuit Court of Appeals upheld circumstances related to the petitioner's commitment offense as properly considered by the Board, but cautioned that continued reliance solely upon the gravity of the offense of conviction and petitioner's conduct prior to committing that offense in denying parole could, at some point, violate due process. *Biggs*, 334 F.3d 910, 913-16 (9th Cir. 2003). In *Sass* and *Irons*, the Ninth Circuit again concluded that factors based on the gravity of the offenses were properly considered and that such factors amounted to "some evidence" to support the Board's determination. *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir. 2006); *Irons v. Carey*, 505 F.3d 846, 852-53 (9th Cir. 2007). The *Irons* court noted that the

circumstances relating to the petitioner's commitment offense, standing alone, were a sufficient basis for deeming the petitioner unsuitable. *Irons*, 505 F.3d at 853.

After considering the Ninth Circuit decisions in *Biggs*, *Sass*, and *Irons*, the undersigned concludes that petitioner is not entitled to federal habeas corpus relief with respect to his due process challenge to the February 22, 2005 Board decision denying him parole. That petitioner's offense was carried out in a calculated, callous and cruel manner is a valid basis for an unsuitability finding by the Board. Cal. Code Regs. tit. 15 §2402(c)(1); *In re Seabock,* 140 Cal. App. 3d 29, 35 (1983). There is reliable evidence in the record supporting this determination. Petitioner's offense was the robbery of Security Pacific Bank, a crime which involved multiple victims. Petitioner, along with other individuals, accomplished the robbery by displaying a firearm and confronting the tellers inside. When they exited the bank and discovered that their getaway car was gone, petitioner and another co-defendant jumped into a pickup truck parked nearby which was occupied by victim Bertha Bocanegra. Meanwhile, the police were notified and pursuit of the pickup truck ensued. Petitioner drove while his co-defendant fired several rounds from a shotgun at the pursuing police vehicle. The chase continued until petitioner had a traffic accident with another vehicle and was unable to continue driving. Ms. Bocanegra was seriously injured in the accident, sustaining five broken ribs, other fractures, scrapes, bruises, and a punctured or damaged lung. (Probation Officer's Report at 9-10[4]; Hearing Transcript at 30-33.) In addition, the undersigned agrees with the Board that the motive for the crime, "to gain money," was trivial in relation to the "total disregard for the emotional trauma inflicted on these victims." (Hearing Transcript at 70.; Cal. Code Regs. tit. 15 §2402 (c)(1)(E)). Under *Biggs*, *Sass*, and *Irons*, these circumstances alone are a sufficient basis for a finding that petitioner poses a current danger to society and that he is unsuitable for parole.[5]

---

[4] Probation Officer's Report is lodged in this record as Exhibit 2 (10/27/06).

[5] In *Hayward v. Marshall* (512 F.3d 536, 546-47 (9th Cir. 2008), a panel of the Ninth Circuit determined that under the "unusual circumstances" of that case, the unchanging factor of

1     Petitioner's institutional behavior constitutes additional evidence that he remains
2 unsuitable for parole. Cal. Code Regs. tit. 15 §2402(c)6); *see also In re Bettencourt*, 156
3 Cal.App.4th 780, 805 (4th Dist. 2008). At the time of the relevant parole hearing, petitioner had
4 received a total of 23 disciplinary reports during his term of incarceration. (Hearing Transcript at
5 73.) Petitioner's most recent disciplinary report was for the charge of disruptive behavior,
6 reduced from battery on a peace officer, on March 21, 2002. (Hearing Transcript at 73.)
7 Petitioner received this disciplinary report since his last parole hearing, at which time it had been
8 requested that he become and remain disciplinary free. (Hearing Transcript at 77.)
9     In addition, despite petitioner's argument to the contrary, the September 27, 2004
10 psychosocial assessment by Dr. Sargent is not totally supportive of release, stating that
11 petitioner's prison disciplinary offenses "are primarily impulsive and authority driven" (Hearing
12 Transcript at 74; Psychosocial Assessment at 8), and that petitioner "will continue to benefit
13 from self-help," focusing on coping, abstinence, impulse-control, and problem-solving. (Hearing
14 Transcript at 74; Psychosocial Assessment at 9.) Dr. Sargent concluded that petitioner still
15 represented a low to medium risk for future violence in the community. (Psychosocial
16 Assessment at 8.) Petitioner's institutional behavior and pychosocial evaluation constitute "some
17 evidence" supporting the Board's finding of unsuitability for parole. *See Bettencourt*, 156
18 Cal.App.4th at 805.
19     The Board's February 22, 2005 decision that petitioner was unsuitable for parole
20 meets the minimally stringent test set forth by the Ninth Circuit in *Biggs*, *Sass*, and *Irons*. There
21 is some reliable evidence supporting the Board's decision that petitioner constitutes a current
22 /////

---

24 the gravity of the petitioner's commitment offense did not, by itself, constitute "some evidence" supporting the governor's decision to reverse a parole grant on the basis that the petitioner would
25 pose a continuing danger to society. However, on May 16, 2008, the Court of Appeals vacated the decision in order to rehear it en banc. *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008).
26 Therefore, the panel decision in *Hayward* is no longer citable precedent.

7

threat to public safety.  Accordingly, petitioner is not entitled to relief on his claim that the Board's failure to find him suitable for parole violated his procedural due process rights.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 21, 2008

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE